IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| BILLY GEORGE LANE JR. § | |
| v. § | CIVIL ACTION NO. 6:05cv498 |
| ATHENS POLICE DEPARTMENT, ET AL. § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Billy George Lane, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lane complains about the legality of his arrest and confinement. After review of the complaint, the Magistrate Judge issued a Report on March 24, 2006, recommending that the lawsuit be dismissed without prejudice as to the refiling of another Section 1983 lawsuit raising these claims, at such time as Lane's conviction was overturned, expunged, declared invalid, or called into question through the issuance of a federal writ of habeas corpus. The Magistrate Judge specifically declined to offer an opinion on the merits of any claims which Lane may bring when the preconditions are met, or of any claims Lane may have to which the preconditions do not apply.

Lane filed objections to the Magistrate Judge's Report on April 7, 2006. In his objections, Lane says that Henderson County continues to delay giving him a trial date. He says that he was in the custody of Henderson County when he was released "without further process of law," but he acknowledges that the charges against him there are still pending. He also complains about the bond

which he was given and says that he wants an investigation of the county because the charges against him are still pending.

Lane's objections are without merit. The gravamen of his lawsuit concerns the charges pending against him in Henderson County, as Lane's objections make clear; he cannot challenge the legality of pending criminal charges through the vehicle of a Section 1983 lawsuit. In addition, Lane extensively discusses a proceeding in which he says that he was "coerced into a plea agreement," which obviously concerns a prior conviction. As the Magistrate Judge stated, Lane can refile his lawsuit at such time as the charges of which he complains are set aside or otherwise declared invalid.

Furthermore, as the Magistrate Judge observed, Lane is free to bring a lawsuit regarding any claims which do not pertain to the legality of his confinement or of the charges pending against him. The Fifth Circuit has held that where a plaintiff's complaint combines together claims which require exhaustion which claims that do not, the trial court has no obligation to sort out these claims and thereby act as counsel for the litigant in tailoring his claims, some for disposition, and others for abeyance or dismissal. Hernandez v. Spencer, 780 F.2d 504, 506 (5th Cir. 1986). As the Fifth Circuit stated in Hernandez, it remains open for the plaintiff to seek withdrawal of the claims not requiring exhaustion and make these the subject of a separate complaint.

Here, Lane's pleadings combine claims requiring exhaustion with claims carrying no such requirement. The district court need not sort out these claims for him; instead, his lawsuit may be dismissed *in toto* until it is ready to proceed. This does not prevent Lane from refiling a lawsuit containing only claims carrying no exhaustion requirement, such as his complaints about the conditions of confinement in one or more of the facilities in which he was incarcerated. The Magistrate Judge's Report was correct, and Lane's objections are without merit.

The Court conducted a careful *de novo* review of the Plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice as to the refiling of another Section 1983 lawsuit raising the claims herein, at such time as the plaintiff Billy Lane shows that the pending charges against him have been resolved in his favor and that any conviction which he challenges has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus or ruling on a motion to vacate or correct sentence under 28 U.S.C. §2255. Like the Magistrate Judge, this Court offers no opinion as to the merits of any lawsuit brought after the Heck preconditions are met, or brought in such a way that these preconditions do not apply (i.e. raising only claims which have no exhaustion requirement). It is further

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

**SIGNED this 18th day of April, 2006.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE